**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHNNY JOSÉ SAVIÑON,** | : | **No. 3:26cv2020** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN, Clinton County** | : | |
| **Correctional Facility,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Johnny José Saviñon.[1] (Doc. 1). Saviñon is a citizen of the Dominican Republic detained at the Pike County Correctional Facility by Immigration and Customs Enforcement ("ICE"), an agency within the Department of Homeland Security ("DHS").[2] After Saviñon filed the petition, an immigration judge ordered him removed. Because the petitioner has not appealed this

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Saviñon filed the instant *pro se* petition while detained at the Clinton County Correctional Facility. (Doc. 1 at ECF p. 1). Liberally construed, he appears to challenge the validity of his immigration detention after living in the United States for approximately two decades. Id. at ECF pp. 2, 7). He has since been transferred to Pike County Correctional Facility. The Pike and Clinton County facilities are both located within the Middle District of Pennsylvania. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

[2] The court confirmed this information using ICE's detainee locator website by inputting the petitioner's A-number and nationality. *Online Detainee Locator System*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://locator.ice.gov/odls/ (last visited Sept. 8, 2026).

removal order, it became administratively final several days ago. He is now subject to a mandatory detention statute. Therefore, the petition must be denied.

According to records supplied by the respondent, Saviñon is 61 years old. (Doc. 6-2, I-213 Form, at ECF p. 1). He was admitted to the United States in Miami, Florida on August 19, 2005 on a C-1 visa. Id. at 2. A C-1 visa is a non-immigrant visa issued to foreign travelers who are passing through the United States while in immediate and continuous transit to another country. 8 U.S.C. § 1101(a)(15)(C); 22 C.F.R. § 41.12. Petitioner was authorized to remain in the United States until September 17, 2005. (Doc. 6-2, I-213 Form, at ECF p. 2). Petitioner appears to be or have been married in the United States. (Doc. 1, Pet., at ECF p. 7). In 2021, petitioner filed an I-485 petition to register as a permanent resident. (Doc. 6-2, I-213 Form, at ECF p. 2). United States Customs and Immigration Services denied the petition on January 11, 2022. Id.

On April 16, 2026, Saviñon was charged with theft crimes under Pennsylvania law. Id. ICE officers detained the petitioner on April 20, 2026 after he attended a scheduled hearing before a magisterial district court judge in Berwick, Columbia County, Pennsylvania. Id. at 2–3.

Saviñon filed the instant petition on July 20, 2026. An immigration judge ordered the petitioner removed to the Dominican Republic on July 24, 2006.

(Doc. 9-2). Petitioner did not appeal his removal order.[3] Consequently, the petitioner has been subject to an administratively final removal order since August 24, 2026. See 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time[.]"); 8 C.F.R. § 1003.38(b) (2022) (setting the time to appeal as 30 calendar days after an IJ's oral decision); Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev., 822 F. Supp. 3d 119, 135, 168 (D.D.C. 2026), app. dismissed, No. 26-5156, 2026 WL 2582126, at *1 (D.C. Cir. Aug. 17, 2026) (invalidating proposed 2026 rule which had shortened the time to 10 days unless an asylum claim had been denied by an IJ on certain grounds).

Pursuant to 8 U.S.C. § 1231, the attorney general is directed to remove noncitizens from the United States within 90 days—the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of several enumerated dates, two of which are not applicable here. 8 U.S.C. § 1231(a)(1)(B). The only provision applicable to the petitioner indicates that his removal period began on "[t]he date the order of removal [became]

[3] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited Sept. 8, 2026).

administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). During the removal period, the attorney general is directed to detain the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Therefore, under the law, the petitioner is subject to mandatory detention for approximately ten more weeks.

After that time, Saviñon will be subject to a discretionary detention statute. See 8 U.S.C. § 1231(a)(6) ("An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).").

The Due Process Clause protects non-citizens subject to a final order of removal. Zadvydas v. Davis, 533 U.S. 678, 693–94 (2001). In Zadvydas, the Supreme Court recognized a presumptively reasonable six-month period of detention under 8 U.S.C. § 1231(a)(1) and (a)(6). Id. at 701. Moreover:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may

> be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id.

Savinon's detention will not approach this period until February 2027. The court discerns no other due process violations from the record. Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Johnny José Saviñon's petition for writ of habeas corpus under 28 U.S.C. § 2241, (Doc. 1), is **DENIED**; and
2) The Clerk of Court is directed to close this case.

**BY THE COURT:**

**Date: 09/09/2026**

***s/ Julia K. Munley***
**JUDGE JULIA K. MUNLEY**
**United States District Court**